# IN THE UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
# JACKSON DIVISION

NATHANIEL O'NEIL RICHARDS,
county jail inmate #15608                                              PLAINTIFF

VERSUS                                    CIVIL ACTION NO. 3:12-cv-409-CWR-FKB

STATE OF MISSISSIPPI and ROBERT S. SMITH                              DEFENDANTS

## MEMORANDUM OPINION

This cause is before the Court, *sua sponte*, for consideration of dismissal. Plaintiff Richards is a pre-trial inmate currently incarcerated at the Hinds County Detention Center, who filed this *pro se* Complaint pursuant to 42 U.S.C. § 1983.[1] The named Defendant in the original Complaint is the State of Mississippi. On June 27, 2012, the Court entered an order [ECF No. 6] advising the Plaintiff that the State of Mississippi is not amenable to suit under § 1983 because the State is not considered a person within the meaning of the statute. *See Will v. Mich. Dep't of State Police*, 491 U.S. 58 (1989). The Plaintiff was provided with an opportunity to file an amended complaint naming any other Defendants. Plaintiff filed his Response [ECF No. 7], wherein he names Robert S. Smith, District Attorney for Hinds County, as a Defendant. As relief, Plaintiff is requesting injunctive relief and monetary damages. Upon liberal review of the Complaint, Response, and entire record, the Court has reached the following conclusions.

## I. Background

Plaintiff states that on October 22, 2011, he was arrested and charged with aggravated assault. Plaintiff complains that he was unlawfully indicted on December 8, 2011, and again on January 31, 2012, for the same charge. Plaintiff states that he went to court on May 1, 2012, for

---

[1] Plaintiff's request to proceed *in forma pauperis* was granted on June 27, 2012.

a "plea offer" but an attorney for the prosecution stated that they were unable to "come up with a plea because they have not obtained a statement from the alleged victim which was a false statement" because according to the Plaintiff, the alleged victim gave a statement on October 22, 2011, and again on October 28, 2011. Compl. [1] at 4. Plaintiff further complains that the "castle law" fits his situation because he was in his place of residence when he was attacked. Plaintiff alleges that he has been denied "compulsory process for obtaining witnesses in his favor." Resp. [7] at 2. Plaintiff seeks to have the owner of the property contacted to confirm that the address where the incident occurred is his place of residence. Plaintiff maintains that his constitutional right "to keep and bear arms" and "compulsory process" have been denied. As relief, Plaintiff is seeking "discovery" and the "alleged victim's medical record" and "1.5 million dollars for damages (negotiable terms)." Compl. [1] at 4.

## II. Analysis

The Prison Litigation Reform Act, 28 U.S.C. § 1915(e)(2) (as amended), applies to prisoner proceedings *in forma pauperis,* and provides that "the court shall dismiss the case at any time if the court determines that . . . (B) the action or appeal -- (i) is frivolous or malicious; (ii) fails to state a claim on which relief may be granted; or (iii) seeks monetary relief against a defendant who is immune from such relief." Since Plaintiff was granted *in forma pauperis* status, §1915(e)(2) applies to this case.

Initially, the Court notes that the appropriate legal vehicle to attack unconstitutional prison administrative procedures or conditions of confinement is § 1983. *See Cook v. Tex. Dep't of Criminal Justice Transitional Planning Dep't,* 37 F.3d 166, 168 (5th Cir. 1994). In contrast, habeas corpus provides the exclusive federal remedy available to a state prisoner challenging the

fact or duration of his confinement and seeking a speedier or immediate release from incarceration. *Preiser v. Rodriguez*, 411 U.S. 475 (1973). Plaintiff must pursue claims that affect his eligibility for, or entitlement to, accelerated release through habeas corpus. *Id.* (citing *Johnson v. Pfeiffer*, 821 F.2d 1120, 1123 (5th Cir. 1987)); *see also Carson v. Johnson*, 112 F.3d 818, 820-21 (5th Cir. 1997)(release from incarceration is not available as relief in a suit filed pursuant to 42 U.S.C. § 1983). Plaintiff's claims that his indictments are unlawful, that he is entitled to a plea offer, and that certain defenses to his criminal charge are present, do not challenge the conditions of his current confinement but instead challenge the fact or duration of his confinement, and therefore are habeas in nature.

Plaintiff, as a pre-trial inmate, may seek habeas relief under 28 U.S.C. § 2241, "which applies to persons in custody regardless of whether final judgment has been rendered and regardless of the present status of the case pending against him." *Dickerson v. State of La.*, 816 F.2d 220, 224 (5th Cir.1987). With that said, Plaintiff is cautioned that an "attempt to dismiss an indictment or otherwise prevent a prosecution" is considered an attempt to "abort a state proceeding or to disrupt the orderly functioning of state judicial processes" and this "objective is normally not attainable through federal habeas corpus." *Brown v. Estelle*, 530 F.2d 1280, 1283 (5th Cir. 1976). A plaintiff may not utilize a federal habeas corpus petition to assert "an affirmative defense to a state criminal charge prior to a judgment of conviction by a state court." *Braden v. 30th Judicial Cir. Ct. of Ky.*, 410 U.S. 484, 508-09 (1973). Regardless of how Plaintiff's claims for habeas relief are characterized, he is required to exhaust his state court remedies prior to pursuing federal habeas corpus relief. *See Dickerson*, 816 F.2d at 228 (holding pre-trial inmate pursuing relief under § 2241 required to exhaust state court remedies). The

exhaustion requirement gives "the State the 'opportunity to pass upon and correct' alleged violations of its prisoner's federal rights." *Baldwin v. Reese*, 541 U.S. 27, 29 (2004) (quoting *Duncan v. Henry*, 513 U.S. 364, 365 (1995)). In order to satisfy the exhaustion requirement, Petitioner must present his claims to the state's highest court in a procedurally proper manner. *O'Sullivan v. Boerckel*, 526 U.S. 838, 840 (1999). Plaintiff's pleadings do not indicate that he has exhausted any of his claims that seek habeas corpus relief. Therefore, at this juncture in the proceedings, these claims will be dismissed without prejudice. *See Dickerson*, 816 F.2d at 225 (finding "federal courts should abstain from the exercise of [ ] jurisdiction" over pre-trial habeas petition "if the issues raised in the petition may be resolved either by trial on the merits in the state court or by other state procedures available to the petitioner").

Request for discovery in state court case

To the extent Plaintiff's claim that he is entitled to injunctive relief because he seeks certain discovery in his criminal case is *not* considered habeas in nature, his claim does not rise to the level of a constitutional deprivation. *See Baker v. McCollan*, 443 U.S. 137, 140 (1979)(holding relief is not warranted under § 1983 if there has been no deprivation of a federally protected civil right). Plaintiff simply does not have a federal right to a discovery order in a pending state court criminal case. Nor does this Court have jurisdiction to "review, modify, or nullify" a state court order regarding discovery in Plaintiff's pending criminal case. *Weekly v. Morrow*, 204 F.3d 613, 615 (5th Cir. 2000)(citations omitted)(explaining that "federal district courts, as courts of original jurisdiction, lack appellate jurisdiction to review, modify, or nullify final orders of state courts"). In addition, to the extent Plaintiff's request can be construed as seeking mandamus relief, his request is denied. *See In Re Stone*, 118 F.3d 1032, 1034 (5th Cir.

4

1997)(setting forth standard for mandamus relief and noting that mandamus is "reserved for extraordinary circumstances").

Request for monetary damages

Defendant Smith, as Hinds County District Attorney, "enjoy[s] absolute immunity from claims for damages asserted under § 1983 for actions taken in the presentation of the state's case." *Boyd v. Biggers*, 31 F.3d 279, 285 (5th Cir. 1994)(citation omitted). Prosecutorial immunity applies to Smith's actions "which occur in the course of his role as an advocate for the State" from initiation of the prosecution to "carrying the case through the judicial process." *Id.* Plaintiff's allegations against Defendant Smith clearly relate to the initiation and prosecution of the criminal case against the Plaintiff. Therefore, to the extent Plaintiff's claims may not be considered habeas in nature but instead considered properly pursued under § 1983, Defendant Smith is entitled to absolute immunity from damages.

## III. Conclusion

In summary, (1) Plaintiff's claims regarding the validity of his current imprisonment and pending criminal charges are habeas in nature and not properly pursued in a § 1983 case; (2) to the extent Plaintiff's claims for injunctive relief regarding discovery in his state court case are not habeas in nature they do not rise to the level of a constitutional deprivation; (3) this Court is without jurisdiction over Plaintiff's claims to the extent he seeks review, modification or nullification of a state court order; (4) to the extent Plaintiff may be requesting mandamus relief in the form of an order regarding discovery in his state court criminal case his request is denied; and (5) finally, Defendant Smith is entitled to absolute immunity from Plaintiff's claims for monetary damages. As such, Plaintiff's claims seeking habeas relief are dismissed without

prejudice and his claims for monetary damages are dismissed with prejudice pursuant to 28 U.S.C. § 1915 (e)(2)(B)(iii).

A Final Judgment in accordance with this Memorandum Opinion will be entered.

THIS the 24th day of July, 2012.

                                        s/Carlton W. Reeves
                                        UNITED STATES DISTRICT JUDGE